Ms. Paula Pumphrey, Director Arkansas Adult Probation Commission 323 Center Street, Suite 1210 Little Rock, Arkansas 72201
Dear Ms. Pumphrey:
This is in response to your request for an opinion on the following question:
 Can a treasurer's commission be assessed on adult probation supervision fee deposits into the county treasury? If so, are there any limitations on the amount that can be assessed?
Specifically, you note that Op. Att'y Gen. No. 89-339 addressed a similar question and you now inquire as to whether the result of this opinion has been altered or repealed by Act 257 of 1991. If so, you also ask what date Act 257 of 1991 was put into law and whether a treasurer's commission could be imposed prior to that date.
Opinion 89-339 concluded that a county treasurer's commission could not be collected on probation supervision fees (fees collected from probationers) under A.C.A. § 21-6-302 because such fees fell within one of the exceptions listed in 21-6-302(b); specifically the exception for "nonrevenue receipts." The opinion undertook an analysis of the meaning of the term "nonrevenue receipts" in light of the legislative and judicial history of that exception. The term was not defined by law at the time of the issuance of Opinion 89-339. Because the supervision fees were merely channeled through the county treasury, and were not county revenue available for county purposes, Opinion 89-339 concluded that the funds were "nonrevenue receipts" and therefore no treasurer's commission was chargeable under A.C.A. § 21-6-302(b).
Act 257 of 1991, however, amended the exception contained in §21-6-302 for "nonrevenue receipts." Specifically, this act added a definition of the term "nonrevenue receipts." The term is now defined as meaning "reimbursement of all or a part of a payment made by the county."
You now ask whether Act 257 has amended the conclusion of Opinion89-339, and if so, what limitations are imposed on the amount of commission that can be assessed.
Although the question may soon be moot,[1] it is my opinion that Act 257 of 1991 had the effect of substantially narrowing the exception for "nonrevenue receipts," and that this act has changed the result of Opinion 89-339. As a result, a county treasurer's commission can be retained against adult probation supervision fees.
The statute amended by Act 257 of 1991 is A.C.A. § 21-6-302 (Cum. Supp. 1991). This is the general statute providing for the county treasurer's two percent commission and allows the commission on "all funds coming into [the treasurer's] hands and to be paid out of the respective funds." Currently, adult probation supervision fees are levied by the courts locally, paid by the probationers, and deposited in the county treasury. A.C.A. 12-48-103(e)(1). They appear therefore to be "funds coming to [the treasurer's] hands," and are presumably "paid out the respective funds" of the county treasurer. It is my opinion that they are thus subject to the two percent commission unless excepted by A.C.A. §21-6-302(b). See, e.g., Op. Att'y Gen. 92-176. The exceptions listed include "revolving loan, equalizing, and vocational education funds, proceeds of bond sales, money collected from insurance on losses, and all nonrevenue receipts." As noted earlier, "nonrevenue receipts" means "reimbursement of all or a part of a payment made by the county." It is my opinion that the adult probation supervision fees do not fall within any of these exceptions as now defined.
It is therefore my opinion that the answer to the first part of your question is "yes." The only "limitation" applicable to the treasurer's commission is that it may not exceed two percent.
Finally in response to your remaining questions, Act 257 of 1991 was effective on July 15, 1991, and in my opinion a treasurer's commission should not have been collected prior to this date, as in my opinion Act 257 changed prior law on the question.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Act 549 of 1993 merges the Arkansas Adult Probation Commission and the Arkansas Board of Correction to form the Board of Correction and Community Punishment. Section 4 of the Act amends A.C.A. § 12-27-105 so that subsection (b)(17) provides that probationary fees are deposited "at the state level." Seealso Section 7 adding A.C.A. § 12-27-125 (b)(17).